UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RECKO M. ELLIS,

               Plaintiff,

v.                          Case No. 8:07-cv-1101-T-17MSS

BILL TODD,

               Defendant.

_____

## O R D E R

Pro se prisoner Plaintiff Recko M. Ellis filed a civil rights complaint against a Tampa Police Officer alleging that the officer caused Plaintiff to be beaten by divulging to other inmates at the Hillsborough County Jail that Plaintiff was a confidential informant.  Plaintiff also alleges that he was denied medical care after the beating.

On September 27, 2007, Defendant Todd filed a motion to dismiss the complaint.(Doc. No. 19).  The Court informed Plaintiff, that if Todd filed a motion to dismiss, Plaintiff had 20 days to file his response to the motion to dismiss, and that the granting of a motion to dismiss would result in the dismissal of Defendant Todd and dismissal of the complaint.  (See Doc. No. 11). Ellis did not file a response to the motion to dismiss.

Background

At the time of the commencement of this action, Ellis  was a prisoner confined to the Brevard County Detention Center in Cocoa, Florida. Todd is a City of Tampa police officer. The action has been brought pursuant to 42 U.S.C. Section 1983. The complaint is due to be dismissed based on:

    a)  Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C.
            Section 1997e; and

b)  the doctrine of qualified immunity.

FACTS

The facts underlying this action, taken as true for the purposes of the Motion To Dismiss and solely from the Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. Section 1983 ("Complaint"), are as follows:

Ellis  was confined in the Tampa jail, but is currently confined at the Brevard County Detention Center in Cocoa, Florida. On May 3, 2007, Todd allegedly told thirteen other inmates at the Tampa jail that Ellis  was a confidential informant. Subsequently, Ellis  was beaten by the inmates. Todd watched the beating, and no medical assistance was offered by the medical staff at the jail (Complaint, Par. 10).

Todd harassed Ellis , and threatened that if Ellis did not work with Todd, Ellis would be beaten again. Ellis alleges that he was in fear of his life, and that he had to be transferred to another facility (Complaint, Par. 10).  Ellis  presented his complaints as a grievance to a local floor officer at the Brevard County Detention Center, and no response was provided (Complaint, Par. 6).

Ellis claims compensatory damages in the amount of $500,000.00, and $200,000.00 in punitive damages (Complaint, Par.12).

Standard for Motion To Dismiss

In determining whether to grant a Fed. R. Civ. P. 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff and its allegations are taken as true. See *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305,1307 (11th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999). While courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductive therefrom,

2

they need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party. *Ellen S. v. The Fla. Bd. of Bar Examrs,* 859 F. Supp. 1489, 1492 (S.D. Fla. 1994). *See also, Marsh V. Butler County*, *Alabama*, 268 F.3d 1014, 1036 (11th Clr. 2001) (finding that "[I]n the light of the usual pleading requirements of Fed. R. Civ. P. (b)6), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal) (citation omitted); *Mass. School of Law at Andover v. American Bar Association*, 142 F.3d 26, 40 (1st Cir.1998) (finding that a review court need not "swallow plaintiff's invective hook, line and sinker; bald assertions unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited").

In ruling on a motion to dismiss, courts may consider allegations contained in the complaint and any exhibits attached thereto. Fed. R. C. P. 12(b)(6); Fed. R. Civ. P. 10(c). A motion to dismiss will be denied unless it appears beyond all doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. See *Roberts*, 146 F.3d at 1307. It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under Rule 12(b)(6) is warranted.

In the case of a pro se action, the Court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. See *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a pro se litigant is not excused from compliance with a Court order or other judicial or statutory deadlines. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that "the problem here is not one of construction: instead, the problem is one of lack of compliance with a deadline imposed by

3

law. Liberal construction does not mean liberal deadlines.").

After reading Ellis' complaint in a liberal fashion, the Court finds that Ellis can prove no set of facts in support of his claim which would entitle him to relief.   Therefore, Defendant Todd''s motion to dismiss will be granted.

Discussion

A. Ellis has not exhausted his administrative remedies, and this fact calls for dismissal. Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") in the wake of a sharp rise in prisoner litigation in the federal courts. *Woodford v. Ngo*, ___U.S.___, 126 S.Ct. 2378, 2382 (2006). "A centerpiece of the PLRA's effort 'to reduce the quantity…of prisoner suits' is an 'invigorated' exhaustion provision, section 1997e(a)." Id. (citing *Porter v. Nussle,* 534 U.S. 516, 524 (2002)).

Title 42 U.S.C. Section 1997e(a) provides as follows:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Ngo*, the Supreme Court focused on the issue of when administrative procedures are "exhausted." *Id.* at 2384. In analyzing the doctrine of exhaustion, the Court looked to both administrative and habeas law for guidance. *Id.* at 2384 – 2387. The Court concluded that administrative and habeas laws require "proper" exhaustion of all remedies, that is "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits). *Id.* at 2385 (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Following this analysis, the Court held that the term "exhausted" in section 1997e(a) means proper exhaustion, and that such interpretation fit

into the general scheme of the PLRA. *Id.* at 2387.

In the present case, Ellis has not pled proper exhaustion of administrative remedies. Ellis' only allegations are that he presented a grievance to a local floor officer at the Brevard County Detention Center, and no response was given (Complaint, Par. 6).

First, the alleged facts giving rise to Ellis' claim occurred at a Tampa jail (Complaint, Par. 10), not the Brevard County Detention Center. However, Ellis fails to plead how he properly exhausted his administrative remedies at the Tampa jail, or what, if any, steps he took to exhaust his remedies at the Tampa jail. Second, it appears from the Complaint Ellis was transferred from the Tampa jail where the alleged incident occurred on May 3, 2007 (Complaint, Par. 10) to the Pinellas County Detention Center on May 29, 2007 (Complaint, Par. 7), and then finally to the Brevard County Detention Center on June 12, 2007 (Complaint, Par. 7).

Assuming, arguendo, it was legally sufficient to grieve Ellis' Tampa jail claims at the Brevard County Detention Center, Ellis has not demonstrated in the Complaint that he properly exhausted the administrative remedies available to him at the Brevard County Detention Center. He admits that the Brevard County Detention Center has a grievance procedure, but states that he only gave a floor officer a grievance. Beyond stating that he received no response, he does not allege whether giving a floor officer a grievance is the correct method of filing a grievance, or what other steps Ellis should have taken to properly exhaust his remedies in the Brevard County Detention Center (Complaint, Par. 6).

Ellis has not pled, nor demonstrated that he has properly exhausted his administrative remedies, as required by 42 U.S.C. Section 1997e(a) in either the Tampa jail or the Brevard County Detention Center. Having failed to so plead, this Court is required

5

to dismiss the present Section 1983 action. *Ngo*, 126 S.Ct. at 2382 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory,")(citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

B. The Complaint Should Be Dismissed Based Upon the Doctrine Of Qualified Immunity.  "Allowing private citizens to bring suit against public officials requires a careful balance between two powerful and competing interests. The importance of vindicating constitutional rights in a court of law must be balanced against the social costs associated with burdening public officials with vexatious litigation and inhibiting them in the proper discharge of their official duties. (citation omitted) To accommodate these conflicting interests, the Supreme Court has developed the doctrine of qualified immunity." [1] *Griffin Industries, Inc. v. Irvin*, ___ F.3d ___, 2007 WL 2363343 (11th Cir. Aug. 21, 2007).

Qualified immunity protects government officials performing discretionary functions from liability "where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gold v. City of Miami,* 121 F.3d 1442, 1445 (11th Cir. 1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Strock v. City of Coral Springs*, 354 F.3d 1307, 1313 (11th Cir. 2003). As long as an official's conduct is not unlawful, the doctrine of qualified immunity exempts government officials from damage suits to enable them to perform their responsibilities without threats of liability. *Hutton v. Strickland*, 919 F.2d 1531, 1536 (11th Cir. 1990) (citations omitted). Qualified immunity is intended to protect "all but the plainly incompetent

---

[1] It is not clear from the face of the Complaint whether Todd is being sued in his official or individual capacity. Todd moves for dismissal on qualified immunity grounds in the event he is being sued in his individual capacity.

or those who knowingly violate the law." *McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir. 1995) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

A government official's conduct is evaluated under an "objective legal reasonableness" standard. *Koch v. Rugg*, 221 F.3d 1283, 1295 (11th Cir . 2000) (citations omitted). Subjective intent is irrelevant to the issue. *Id.* Under the "objective legal reasonableness" standard, a government official performing discretionary functions is protected if  "a reasonable official could have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred." *Hardin v. Hayes*, 957 F.2d 845, 848 (11th Cir. 1992)

The Supreme Court has set forth a two-part analysis to be applied to a defense of qualified immunity. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The threshold inquiry a court must undertake is whether Ellis' allegations, if true, establish a constitutional violation. If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. *Saucier*, 533 U.S. at 201. However, if a constitutional right were violated under Ellis' version of the facts, the next sequential step is to ask whether the right was clearly established. *Id.; Strock*, 354 F.3d at 1314.

In *Saucier*, the Supreme Court stated that the relevant query is whether it "would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* In *Hope*, the Supreme Court refined the *Saucier* query, holding that the "…salient question… is whether the state of law gave [the officers] fair warning that their alleged treatment [of Ellis ] was unconstitutional." The *Hope* Court emphasized that officers sued in a Section 1983 action have a "right to fair notice." 536 U.S. at 739.

7

## No Constitutional Violation

The Complaint does not set forth which, if any, constitutional provision was violated by Todd's conduct. Without such allegation, Todd is unable to appropriately respond to the Complaint. *Graham v. Conner*, 490 U.S. 386, 394 (1989) ["The first step in any such (1983) claim is to identify the specific constitutional right allegedly infringed."] It is not sufficient to state that the Complaint is based upon 42 U.S.C. Section 1983, as Section 1983 does not confer any substantive rights, but simply provides a remedy for vindicating rights established under the Constitution or laws of the United States. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Having pointed to no specific violation of a constitutional right in the Complaint, it follows, then, that Todd did not violate any of Ellis' constitutional rights. Todd, therefore is entitled to qualified immunity, and it is unnecessary to proceed to the second step in the qualified immunity analysis.

## Clearly Established Right

Even is Ellis established a constitutional violation, the second step in the qualified immunity analysis must be conducted.  Was the violation clearly established. The critical question is whether the law provided Todd with "fair warning" that his conduct violated the First and Fourth Amendments. *Hope*, 536 U.S. at 741.

In the Eleventh Circuit, a Court is constrained to look to only the decisions of the United States Supreme Court, the Eleventh Circuit Court of Appeals, and the Florida Supreme Court to determine if a clearly established right existed at the time of the arrest. *Marsh v. Butler County*, 268 F.3d 1014, 1032 n. 10 (11th Cir. 2001) (en banc).

Todd asserts that there is no pre-existing case law that provides him with a fair

warning that his treatment of Ellis under the alleged facts was unconstitutional. As noted by the United States Supreme Court, qualified immunity "shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). Todd alleges that he did not have fair warning that his actions would be considered unconstitutional, and therefore, he is entitled to qualified immunity.

Ellis has not controverted any of Todd's arguments by filing a response to the motion to dismiss.

Accordingly, the Court orders:

That Todd's motion to dismiss (Doc. No. 19) is granted. The Clerk is directed to enter judgment against Ellis and to close this case.

ORDERED at Tampa, Florida, on December 10, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Recko M. Ellis

9